UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES – GENERAL</u>

Case No. LACV 06-6383-DOC
Criminal Case No. SACR 99-83(A)-DOC         Date: May 3, 2013

Title: MARIANO MARTINEZ V. UNITES STATES

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                    <u>    N/A    </u>
Courtroom Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                   None Present

**PROCEEDING (IN CHAMBERS):   ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS**

Before the Court is the Government's Motion (Dkt. 45) to Dismiss Petitioner Mariano Martinez's motion to vacate or set aside his sentence. After considering Petitioner's Opposition (Dkt. 48) and the Government's Reply (Dkt. 49), the Court DENIES the Government's motion.

**I.   Background**

The facts of this case, from the underlying conviction of Petitioner Mariano Martinez, to the filing of the present motion to vacate or set aside his sentence, to the Court's subsequent appointment of counsel and the filing of an amended petition, are well-known to the parties and are summarized in previous orders of this Court. *See, e.g.*, August 24, 2012, Minute Order (Dkt. 43).

**a.  Timing of the original motion**

The following facts are undisputed. On October 3, 2005, Petitioner's conviction became final in *United States v. Mariano Martinez*, No. SA CR-99-83(A)-DOC, because the U.S. Supreme Court denied Petitioner's appeal. On October 4, 2006, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 06-6383-DOC　　　　　　　　　　　　　　　Date: May 3, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

was stamped as "lodged" in the district court in the Central District of California. Subsequently, on October 6, 2006, the motion was filed by the clerk of the district court.

Petitioner's Motion included a "Certificate of Service by Mail" that was filled out and signed by Petitioner; this Certificate states, in part, that he was "in custody at the U.S. Penitentiary Marion, Illinois," and that he delivered the motion to the prison, with postage, ready to be sent on "9-28, 2006." *See* Mem. in Support of Mot. to Vacate (Dkt. 1), Certificate of Service.

### b. Content of the original motion

Petitioner's memorandum in support of his motion was a 65-page document that stated four broad arguments based on 5th, 6th, and 14th Amendment rights, alleging ineffective assistance of counsel and denial of due process. While this document was not particularly focused, Petitioner alleged a denial of due process based on, *inter alia*, the fact that the prosecution used "false testimony regarding my ordering and whereabouts regarding the killings," and that the prosecution also "withheld evidence that points to my innocence regarding those crimes." *Id.* at 43. In addition, he argued that the Court allowed the jury "to consider 'unreliable' direct testimony, knowingly false testimony about my alleged involvement in those crimes." *Id.* at 44.

That portion of the motion focused mainly on the allegedly false testimony of Agent Samuel Spencer and Max Torvisco, but in other sections of the petition related to the ineffective assistance of counsel claim, Petitioner also focused on the unreliability of the government witness Ron Moreno. *Id.* at 17 (arguing that his attorney "failed to subpoena witnesses and investigate evidence regarding one of the governments [sic] principle [sic] witnesses, Ron Moreno"), 18 (arguing that his attorney failed to send him all of "the new information pertaining to Ron Moreno"), 20 ("There was much more information that the government had released after my trial . . . . [showing that Moreno] had 'kidnapped' Serrano only months earlier, in an effort to regain monies that Serrano and Moreno had stolen from them involving a $40,000 dollar drug rip off." ).

### c. Subsequent events

On September 13, 2007, the Court appointed Petitioner's counsel, Lisa M. Bassis, to file an Amended Motion to Vacate because such appointment was: (1) represented to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 06-6383-DOC						Date: May 3, 2013
									Page 3

the Court as facilitating "a more expeditious review of the relevant materials"; (2) stipulated to by all parties, including Defendant United States; and (3) recommended by the Public Defender's office. *See* September 13, 2007 Order. After a series of delays and continuances requested by Petitioner's counsel, *see, e.g.,* June 20, 2011, Minute Order (Dkt. 29) (noting that Petitioner's counsel at one point indicated in March of 2010 that she planned to file the amended petition "within the next three months"), Petitioner filed his Amended Motion to Vacate (Dkt. 44) on September 10, 2012.

The United States filed its Motion to Dismiss (Dkt. 45) on October 9, 2012, arguing, first, that Petitioner's original Motion to Vacate was filed after the one year deadline of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and, second, that Petitioner's Amended Motion to Vacate included a new claim about Ron Moreno's allegedly false testimony that did not relate back to his original motion and so was time-barred. Petitioner filed his Corrected Opposition (Dkt. 49) on February 4, 2013, and the Government filed its Reply (Dkt. 51) on February 14, 2013.

### II.     Discussion

#### a. Petitioner's Motion to Vacate was timely filed pursuant to the "prison mailbox rule"

AEDPA provides that a motion submitted pursuant to 28 U.S.C. § 2255 must be filed within one year from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and been made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

However, under the "prison mailbox rule" of *Houston v. Lack,* 487 U.S. 266 (1988), a pro se prisoner's federal habeas petition is deemed "filed" when he or she hands it over to prison authorities for mailing to the district court, not on the date the Court stamps and processes the filing. *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). In *Huizar*, a prison mail log provided strong evidence that the prisoner's filing was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 06-6383-DOC                                          Date: May 3, 2013
                                                                                                 Page 4

timely. *Id.* Even without a mail log, though, for the purpose of determining "when the prisoner delivered the [legal document] to prison authorities," a petition's arrival at the court on the day after it was due shows that it "*must* have been delivered to prison officials" at least on the day prior to its arrival at the court. *Sudduth v. Arizona Atty. Gen.*, 921 F.2d 206, 207 (9th Cir. 1990) ("Because appellant's notice of appeal was filed in the district court on the 31st day after entry of the order dismissing his petition, it *must* have been delivered to prison officials within 30 days. Otherwise, the notice of appeal could not have reached the district court in time to be filed on the 31st day.") (emphasis in original).

       Here, it is undisputed that Petitioner's conviction became final on October 3, 2005, when the Supreme Court denied his petition for writ of certiorari, and it is also undisputed that Petitioner was therefore required to file his § 2255 motion no later than October 3, 2006. *See* Mot. to Dismiss at 6. The Government argues that, because Petitioner's motion was not filed until October 6, 2006, and because there is no prison mail log showing that Petitioner delivered his motion to prison authorities on or before October 3, 2006, the motion must be time-barred under AEDPA because Petitioner "cannot offer the type of 'strong evidence' suggested by the Ninth Circuit in *Huizar* that provides 'definitive proof' that the Original Motion was timely filed." Reply at 9.

       The Court disagrees. Petitioner's motion was stamped "lodged" in the Central District of California on October 4, 2006. It needed to travel from Petitioner's hands in a federal prison in Marion, Illinois, to a courthouse in Los Angeles. According to the logic of *Sudduth*,[1] delivery at the court on October 4 shows that the motion "*must* have been delivered to prison officials," at the latest, on the day before October 4, which was October 3, 2006. *See Sudduth*, 921 F.2d at 207; *see also Huizar*, 273 F.3d at 1224 (citing *Sudduth* as a guide for how a district court determines "when the prisoner delivered the [petition] to prison authorities"). In addition, Petitioner's motion included a Certificate of Service indicating that Petitioner delivered his motion to prison officials as early as September 28, 2006. The Government offers no evidence in support of its claim that the motion was not delivered in time, and concedes that the lodging date "provides some support" to Petitioner's claim of timeliness, *see* Reply at 8. This is an understatement. The Court finds that there is no reasonable inference to be made *except* that the motion was timely delivered to prison authorities on or before October 3, 2006, and most likely on September 28, 2006.

---

[1] And the logic of all reasonable people who use the mail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 06-6383-DOC  Date: May 3, 2013
Page 5

The Government's motion is DENIED as to the untimeliness of Petitioner's original Motion to Vacate.

### b. The "Fifth Claim" included in Petitioner's Amended Motion to Vacate does relate back to his original motion

Despite AEDPA's one-year period of limitation for filing a § 2255 petition, under Federal Rule of Civil Procedure 15(c), amended claims relate back to the date of a timely original pleading if they "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Claims brought in an amended petition relate back to the original petition if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix,* 545 U.S. 644, 659 (2005); *Schneider v. McDaniel*, 674 F.3d 1144, 1150 (9th Cir. 2012).

"The relation back doctrine allows untimely claims to be deemed timely by treating the claims as if they had been filed when the timely claims were filed*." Mandacina v. United States*, 328 F.3d 993, 1000 (8th Cir. 2003). The rationale for the relation back doctrine is that a party who has been given notice of litigation concerning a particular occurrence or conduct "has been given all the notice that statutes of limitations were intended to provide." *Id.* However, "[a]n amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650 (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim).

Here, the Government argues that Petitioner's original 65-page pleading does not "make the claim that the government knowingly and willfully presented purportedly perjured testimony from Ronald Moreno during his trial." *See* Mot. to Dismiss at 8-10. However, as Petitioner points out, Petitioner's original motion did make a number of claims based on a "common 'core of operative facts'" regarding prosecutorial misconduct, the introduction of perjured testimony, and the Government's role in withholding facts until after trial that would contradict Moreno's testimony.

The facts that appear in Petitioner's Amended Motion regarding the disputed claim include allegations that the Government knew that Moreno lied in court about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 06-6383-DOC                                Date: May 3, 2013
                                                                                                     Page 6

"importing drugs from Mexico" and that he was paid "$40,000 for a pound of methamphetamine which Moreno failed to deliver," and that Moreno then "fled to Mexico." Amended Motion at 67. This allegation lines up with Petitioner's original allegation that "[t]here was much more information that the government had released after my trial . . . . [showing that Moreno] had 'kidnapped' Serrano only months earlier, in an effort to regain monies that Serrano and Moreno had stolen from them involving a $40,000 dollar drug rip off." Mem. (Original Motion) at 20.

      Unlike the amended facts alleged in *Mayle*, these facts do not "differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. Rather, they arise from the same "common core of operative facts," since both the original and amended pleading allege that Moreno's testimony was false and that the prosecution had a hand in either withholding evidence of its falseness or allowing it to be presented to the jury. In light of the purpose of the relation back requirement, the Court finds that the Government was put on notice that the facts surrounding Moreno's testimony would be an issue at the time of Petitioner's original motion. Petitioner has, with the assistance of counsel, filed a refocused Amended Motion to Vacate, but he has not added a new claim in violation of AEDPA's one-year time bar.

      Accordingly, the Government's Motion to Dismiss as time-barred Petitioner's "Fifth Claim" is DENIED.

### III.    Disposition

      For the foregoing reasons, the Government's Motion to Dismiss is DENIED.

      The Government shall have until July 8, 2013, to file its response to Petitioner's Amended Motion. Petitioner shall file his Reply, if any, on or before July 22, 2013. At that point, the Court will determine whether to set a hearing on the matter.

      The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                                               Initials of Deputy Clerk: jcb